IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BRYANT GARDNER,<br><br>             Plaintiff,<br><br>vs.<br><br>RENSCH & RENSCH LAW, and JAMES R. COE, Worker's Compensation Judge;<br><br>             Defendants. | **8:18CV71**<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Bryant Gardner ("Plaintiff" or "Gardner") filed his Complaint on February 16, 2018. (Filing No. 1.) He has been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I. SUMMARY OF COMPLAINT

Gardner brings this action against Rensch & Rensch Law (hereinafter "Rensch"), a law firm in Omaha, Nebraska, and James R. Coe, a judge on the Nebraska Worker's Compensation Court, seeking redress pursuant to 18 U.S.C. § 1346 and 42 U.S.C. §§ 1983 and 1985. (Filing No. 1 at CM/ECF pp. 2–3.) Gardner alleges violations of his due process rights arising out of Rensch's representation of Gardner in an action for workers' compensation benefits in Nebraska state court. Because Gardner's "Statement of Claim" (*id.* at CM/ECF pp. 6–24) is difficult to decipher, much of the following background is taken from the Nebraska Court of Appeals' opinion in *Gardner v. International Paper, Destruction & Recycling*, Case No. A-17-184 (Neb. Ct. App. Feb. 6, 2018), which Plaintiff attached to his Complaint. (Filing No. 1 at CM/ECF p. 26–32.)

On April 16, 2009, while employed by International Paper Destruction & Recycling ("International Paper") as a truck driver, Plaintiff was injured in an accident. Plaintiff entered into a contingent fee contract with Rensch whereby Rensch agreed to pursue Plaintiff's claim against International Paper. Through the course of that representation, Plaintiff obtained an award of workers' compensation benefits which was upheld on appeal. *See Gardner v. International Paper Destr. & Recycl.*, 865 N.W.2d 371 (Neb. 2015).

At some point, however, Plaintiff became unhappy with the representation. Gardner filed a motion in the workers' compensation court challenging the fee agreement, and on August 19, 2015, "the workers' compensation court entered an order in favor of Gardner, excluding an additional charge for appellate work and reforming the contract to calculate Rensch's one-third attorney fee after deduction of costs (net method) rather than before deduction of costs (gross method) as provided for in the contract." (Filing No. 1 at CM/ECF p. 27.) Gardner also filed a professional malpractice action against Rensch in the Douglas County District Court, alleging

> (1) a breach of the attorney fee contract, (2) a claim regarding Rensch's failure to file a lawsuit against a third party on behalf of Gardner, and (3) that Rensch failed to appeal the workers' compensation award." The district court entered summary judgment in favor of Rensch, finding that the workers' compensation court had jurisdiction over the fee contract, the claim relating to Rensch's failure to file a third-party lawsuit was time-barred, and that Rensch did not breach the standard of care in not appealing the workers' compensation award. [The Nebraska Court of Appeals] summarily affirmed that decision on appeal. *See Gardner v. Rensch*, No. A-16-1140.

(*Id.* at CM/ECF pp. 27–28.)

Gardner then filed an unsuccessful motion in the workers' compensation court to terminate Rensch as his counsel, claiming that Rensch had appropriated funds inconsistent with the fee agreement. The workers' compensation court denied the motion. On appeal, the Nebraska Court of Appeals found that the workers' compensation court did not err in refusing to find that Rensch acted in bad faith or misappropriated funds and affirmed the order of the workers' compensation court. (*Id*. at CM/ECF pp. 28–32.)

Gardner now seeks relief in this court. He claims Rensch capitalized upon knowledge of Gardner's "handicap of his psychological/cognitive disorder" to construct a bad faith fee agreement and receive attorney fees from Gardner's indemnity payments, though such payments were not obtained through any service Rensch provided since Rensch failed to appeal the worker's compensation award. (*Id*. at CM/ECF pp. 16–22.) Gardner further claims that Rensch conspired to gain wealth from Gardner illegally and that the workers' compensation court failed to supervise Rensch or do anything to stop the violation of Gardner's civil rights. (*Id*. at CM/ECF p. 22.) Further, Gardner "contend[s] [Rensch] has 'failed to provide' my person with 18 U.S code section 1346 definition of "scheme or artifice to defraud" and asserts claims of "intentional infliction of emotional distress [and] harassment, sometimes called the tort of outrage" due to Rensch subjecting Gardner "to a 'systematic campaign' to deprive." (*Id*. at CM/ECF p. 23.)

For relief, Gardner seeks to:

(1) Have Rensch remove from all courts ligation, in other words remove for any & everything concerning Gardner. (2) Repay Gardner for cost & expense with court allowed interest, that Rensch don't have billing for. (3) Pay Rensch hourly for the submitting brief to the Supreme Court with tangible evidence to prove his worth. (4) Appoint a Court guardian to proceed with Gardner legal litigation to protect his interest. (5) Remove unlawful lien. (6) Repay out of pocket expense with court allowed interest.

(*[Id.](# ) at CM/ECF p. 24* (capitalization and punctuation as in original).) Gardner also asks "this higher Court [to] over-turn the decision of the district court & Workers' Comp court [f]or its abuse of discretion by allowing this error to continue." (*[Id](# ).*)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

# III. DISCUSSION OF CLAIMS

As an initial matter, the court notes that review of Gardner's Complaint is complicated by the fact that his allegations are rambling and difficult to decipher. Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). Here, Gardner's Complaint fails to meet this minimal pleading standard. This defect notwithstanding, the court has liberally construed Gardner's Complaint and concludes the Complaint should be dismissed for lack of jurisdiction or, in the alternative, for failure to state a claim upon which relief may be granted.

## A. *Rooker-Feldman* Doctrine

Here, all of Gardner's complaints deal with Rensch's representation of Gardner and the construction and application of the fee agreement between Gardner and Rensch. However, these are the same issues addressed by the state workers' compensation court and upheld on appeal by the Nebraska Court of Appeals. This court cannot intervene in Gardner's dispute with the state courts.

The *Rooker-Feldman* doctrine prohibits lower federal courts from exercising appellate review of state court judgments. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). Federal district courts do not have jurisdiction "over challenges to state-court decisions . . . even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486. In short, the "*Rooker-Feldman* doctrine" bars this court from correcting or altering a state court judgment, and no declaratory or injunctive relief is available in this court to do so. Importantly, *Rooker-Feldman* bars "straightforward appeals" as well as "more indirect attempts

5

by federal plaintiffs to undermine state court decisions." *Lemonds v. St. Louis Cnty.*, 222 F.3d 488, 492 (8th Cir. 2000), implied overruling on other grounds recognized by *Shelby Cnty. Health Care Corp. v. Southern Farm Bureau Cas. Ins. Co.*, 855 F.3d 836, 841 (8th Cir. 2017). Thus, where a "federal claim succeeds only to the extent that the state court wrongly decided the issue before it," the claim is barred by *Rooker-Feldman* because it is "inextricably intertwined with specific claims already adjudicated in state court." *Lemonds*, 222 F.3d at 492–93 (internal quotation omitted); *see also Gisslen v. City of Crystal, Minn.*, 345 F.3d 624, 627 (8th Cir. 2003) ("Where the district court must hold that the state court was wrong in order to find in favor of the plaintiff, the issues . . . are inextricably intertwined.") (internal quotation omitted).

The court cannot grant the relief Gardner seeks without questioning the validity of the judgments of the Nebraska Workers' Compensation Court and the Nebraska Court of Appeals. Therefore, to the extent that Gardner seeks to have the orders of those courts invalidated, the *Rooker-Feldman* doctrine bars consideration of his claims. Accordingly, the court will dismiss this case for lack of subject matter jurisdiction. In the alternative, Gardner's claims against the Defendants are subject to dismissal for other reasons identified below.

**B. 18 U.S.C. § 1346**

Gardner alleges Rensch violated "18 U.S.C. § 1346 definition of scheme or artif[ice] to defraud." (Filing No. 1 at CM/ECF pp. 3, 23.) That statute provides: "For the purposes of this chapter, the term 'scheme or artifice to defraud' includes a scheme or artifice to deprive another of the intangible right of honest services." 18 U.S.C. § 1346.

Section 1346 is contained within the group of federal statutes addressing mail fraud and other fraud offenses and codifies the offense of honest-services fraud, which only applies to fraud schemes involving bribery or kickbacks. *See Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 856 (8th Cir. 2012). Gardner's

6

Complaint does not allege any misconduct amounting to a bribe or a kickback. More importantly, § 1346 does not provide a private right of action, and so Gardner fails to state a cognizable claim for relief under this section. *Moni v. Volusia Cty., Corp.*, 717 F. App'x 976, 977 (11th Cir. 2018) (no private right of action under 18 U.S.C. § 1346); *see also Favaloro v. Webster Groves/Shrewsbury Area Chamber of Commerce*, No. 4:11-CV-2068 CEJ, 2012 WL 1829883, at *2 (E.D. Mo. May 18, 2012) ("[18 U.S.C.] § 1346 does not provide for any right or remedy; it merely states a definition for the phrase 'scheme or artifice to defraud.'"). Accordingly, Gardner's claims based on 18 U.S.C. § 1346 must be dismissed.

**C. 42 U.S.C. § 1985**

Gardner lists 42 U.S.C. § 1985 as a basis for federal question jurisdiction in this matter. (Filing No. 1 at CM/ECF p. 3.) As best the court can tell, Gardner's § 1985 claim rests on his allegations that Rensch exploited information he learned about Gardner's "psychological/cognitive disorder" and conspired to gain wealth from Gardner illegally, unimpeded by the workers' compensation court which failed to supervise Rensch or do anything to stop the violation of Gardner's civil rights. (*Id.* at CM/ECF p. 22.)

42 U.S.C. § 1985(2) appears to be the only portion of the statute applicable to Gardner's allegations. It provides that a person may sue for damages

> if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws . . . .

42 U.S.C. § 1985(2). Additionally, "a claim for interference in a state judicial proceeding under the second part of § 1985(2) requires the plaintiff to establish a

7

class-based animus." *Steckelberg v. Rice*, 184 F. Supp. 3d 746, 758–59 (D. Neb. 2016), *aff'd*, 878 F.3d 630 (8th Cir. 2017) (citing *Kush v. Rutledge*, 460 U.S. 719, 725 (1983); *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971); *Biby v. Bd. of Regents of Univ. of Neb. at Lincoln*, 338 F.Supp.2d 1063, 1076 (D. Neb. 2004)).

A review of Gardner's pleadings reveals that Gardner has asserted no factual allegations suggesting a racial or other class-based invidiously discriminatory animus. Even if the court liberally construes his Complaint as alleging a disability-based animus,[1] Gardner's tenuous and conclusory allegations that a conspiracy existed between the Defendants are insufficient to state a claim for relief. *See Cooper v. Delo*, 997 F.2d 376, 377 (8th Cir. 1993) (per curiam) (complaint subject to dismissal if allegations of conspiracy are inadequate; plaintiff must allege facts suggesting mutual understanding between defendants or meeting of minds). Therefore, Gardner has not alleged a claim on which relief may be granted pursuant to 42 U.S.C. § 1985(2).

**D. 42 U.S.C. § 1983**

Gardner also asserts claims under 42 U.S.C. § 1983. "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, Gardner generally asserts that his due process rights were violated by Rensch and Judge Coe.

---

[1] The court's liberal construction of the Complaint as including an allegation of disability-based animus is based, in part, on Gardner's solitary reference to the "American Disable Act." (Filing No. 1 at CM/ECF p. 22.) To the extent, Gardner is attempting to assert a claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213, his allegations fall far short of stating a prima facie claim under Title II of the ADA. See *Randolph v. Rodgers*, 170 F.3d 850, 858 (8th Cir. 1999) ("To state a prima facie claim under the ADA, a plaintiff must show: 1) he is a person with a disability as defined by statute; 2) he is otherwise qualified for the benefit in question; and 3) he was excluded from the benefit due to discrimination based upon disability.").

*1. Rensch*

Rensch is clearly a private law firm that represented Gardner with respect to his workers' compensation claim. To succeed on a § 1983 claim, a plaintiff must demonstrate that the defendant acted under color of state law. 42 U.S.C. § 1983; *West*, 487 U.S. 42, 49-50 (1988). The conduct of lawyers, simply by virtue of being officers of the court, generally does not constitute action under color of law. See *DuBose v. Kelly*, 187 F.3d 999, 1003 (8th Cir. 1999). However, a § 1983 claim may be brought against a private individual if he conspires with a state actor to deprive a person of his constitutional rights. *Id.* As indicated above, Gardner has alleged no facts from which an inference can be drawn that Judge Coe participated in a civil conspiracy or agreement with Rensch to injure Gardner by unlawful action. Rather, the Complaint indicates only Gardner's dissatisfaction with his attorney's representation and Judge Coe's rulings regarding the fee agreement, and his conclusory allegations of a conspiracy between the Defendants are insufficient to state a claim under 42 U.S.C. § 1983. See *Gometz v. Culwell*, 850 F.2d 461, 464 (8th Cir. 1988) ("The principal elements of conspiracy are an agreement between the parties to inflict a wrong against or injury upon another, and an overt act that results in damage. A plaintiff must allege with sufficient particularity and demonstrate with specific material facts that the parties reached some agreement and conspired together to deprive plaintiff of a federal right.") (internal citation and quotation marks omitted).

*2. Judge Coe*

With respect to Judge Coe, Gardner specifically alleges that "the compensation court acted without or in excess of it[s] power when it allow[ed] [Rensch] [t]o attach[] himself and son/law firm on to plaintiff [award] for the work that was not perform[ed]" and the court's judgment was not supported by sufficient competent evidence. (Filing No. 1 at CM/ECF pp. 16–17.) Gardner's claims for equitable relief against the workers' compensation court judge are barred under the doctrine of judicial immunity.

9

A judge is immune from suit, including suits brought under section 1983 to recover for alleged deprivation of civil rights, in all but two narrow sets of circumstances. *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012). "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* (internal citations omitted). An act is judicial if "it is one normally performed by a judge and if the complaining party is dealing with the judge in his judicial capacity." *Id.* (internal citations omitted). "[A] judge will not be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Mireles v. Waco*, 502 U.S. 9, 12 (1991) (internal quotation omitted).

It is clear from the Complaint's allegations that neither of the two exceptions to judicial immunity apply here. Gardner complains only that Judge Coe lacked authority to enter a judgment awarding certain legal fees to Rensch. There are no facts from which the court can infer that Judge Coe's actions were nonjudicial or that they were taken in absence of all jurisdiction.

In addition, § 1983 "precludes injunctive relief against a judicial officer 'for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable.'" *Hoffman v. Ferguson*, No. CIV. 09-5052, 2009 WL 1606736, at *2 (W.D. Ark. June 5, 2009) (quoting 42 U.S.C. § 1983). Here, Gardner does not allege that either of the prerequisites for injunctive relief are met. *See id.* (dismissing claims for injunctive relief against state magistrate judge because plaintiff failed to allege that a declaratory decree was violated or that declaratory relief was unavailable). Furthermore, "[e]quitable relief is not appropriate where an adequate remedy under state law exists." *Id.* at *3 (citing *Pulliam v. Allen*, 466 U.S. 522, 542 & n.22 (1984)). Gardner has appealed Judge Coe's judgment to the Nebraska appellate courts, and there is no indication that he was prevented from seeking review of any civil rights claims on appeal. *See id.* ("An adequate remedy at law exists when the acts of the judicial officer can be

reviewed on appeal or by extraordinary writ."). Moreover, as the court stated above, the equitable relief Gardner seeks is precluded by the *Rooker-Feldman* doctrine.

**E. State-Law Claims**

Gardner's Complaint includes state-law claims of intentional infliction of emotional distress and "the tort of outrage." ([Filing No. 1 at CM/ECF p. 24](#).) The court declines to exercise supplemental jurisdiction over any remaining state-law claims because it will dismiss all claims over which it has original jurisdiction. *See* [28 U.S.C. § 1367(c)(3)](#).

### IV. CONCLUSION

In summary, the court concludes Gardner's Complaint is subject to dismissal because this court does not have jurisdiction to review the state court proceedings or grant the relief Plaintiff seeks. In the alternative, Gardner's Complaint should be dismissed because it fails to state a claim upon which relief may be granted and seeks relief from Defendants who are immune from such relief.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint ([filing no. 1](#)) is dismissed without prejudice.

2. A separate judgment will be entered.

Dated this 10th day of August, 2018.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge